IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KIMBERLY M. SEEDS,**

      **Plaintiff**

v.                                                     CIVIL NO. 3:12-cv-00878-REP

**EQUIFAX INFORMATION SERVICES, LLC.,**
**EXPERIAN INFORMATION SOLUTIONS, INC.**
**and**
**VERICREST FINANCIAL, INC.,**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE AN AMENDED COMPLAINT**

COMES NOW the Plaintiff, **KIMBERLY M. SEEDS,** by counsel, and in support of her Motion for Leave to file an Amended Complaint, provides the following Memorandum of Law in support of correcting the misnomer of the name of one of the Defendants, **VERIQUEST FINANCIAL, INC.,** to the proper party Defendant, **VERICREST FINANCIAL, INC.** and to remove the allegations and delete Defendant, **TRANS UNION, LLC** from the lawsuit as the parties have settled. Plaintiff filed her original Complaint on December 12, 2012 (Docket #1). Because the amendment is timely and will not cause any legal prejudice to Defendants, an amendment to the Complaint is proper and should be permitted under Fed. R. Civ. P. 15(a).

I.    **Law and Argument**

     A.    **Standard for granting leave to amend**

Fed R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The Supreme Court has declared that the mandate under the rule that leave to amend shall be freely given is granted liberally, and to justify a denial of such leave, it must appear to the Court that the amendment is futile, offered in bad faith, prejudicial or otherwise

contrary to the interests of justice. *Foman v. Davis*, 371 U.S. 178 (1762); *Roper v. County of Chesterfield,* 807 F. Supp. 1221, 1223 (E.D. Va. 1992). The *Foman* Court held that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. Although the Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not exercise of discretion.: *Foman v. Davis,* 371 U.S. at 182.

      **B.**      **Amendment is timely requested and Defendants will suffer no prejudice.**

The liberal standard requires that leave to amend "will not be denied unless the amendment will cause actual prejudice to the adverse party." *Wall v. Freuhauf Trailer Servs. Inc.,* 123 F. Appx. 572, 576 (4th Cir. 2005) (*citing Ward Elecs. Serv. Inc. v. First Comm'l Bank,* 819 F.2d 496, 497 (4th Cir. 1987) for the example that a change in theory of recovery and prior amendment weren't sufficient reasons to deny a motion for leave to amend absent evidence of bad faith). Furthermore, when an amendment is offered in a timely manner, it should be permitted. *Foman v. Davis*, 371 U.S. 182 (holding that an amendment should be permitted absent "undue delay, bad faith or dilatory motive on the part of the movant …[or] undue prejudice to the opposing party.") The amendment is sought after careful consideration. The parties have conducted almost no discovery. Defendants cannot claim any prejudice by virtue of this amendment because of the nascent stage of discovery.

Allowing Plaintiff to file an Amended Complaint will not legally prejudice the Defendants and has not been offered after an undue delay.

      **C.**      **The Amended Complaint is neither futile nor offered in bad faith**

The Plaintiff seeks to correct the misnomer of the name of the proper party Defendant to

2

**VERICREST FINANCIAL, INC.**

The Plaintiff further seeks to remove Defendant, **TRANS UNION, LLC.,** as the parties have now settled.

II. **Conclusion**

Amendment of the Plaintiff's Complaint will cause no prejudice to the Defendants, and no delay in trial proceedings. The Plaintiff has not engaged in any unwarranted delay and has not acted in bad faith. Leave to amend should be freely granted pursuant to the Federal Rules of Civil Procedure.

                                                       Respectfully Submitted,

                                                       **KIMBERLY M. SEEDS,**

                                                     _____/s/_____
LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
Attorney for Plaintiff
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of February, 2013, I will file the foregoing motion electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
Email: jmontgomery@jwm-law.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: david.anthony@troutmansanders.com

Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: tim.stgeorge@troutmansanders.com

                                                _____/s/_____
                                         LEONARD A. BENNETT, VSB#37523
                                         CONSUMER LITIGATION  ASSOCIATES, P.C.
                                         Attorney for Plaintiff
                                         763 J. Clyde Morris Boulevard, Suite 1-A
                                         Newport News, Virginia 23601
                                         (757) 930-3660 - Telephone
                                         (757) 930-3662 – Facsimile
                                         Email:  lenbennett@clalegal.com