**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**KIMBERLY M. SEEDS,**

        **Plaintiff**

v.                                                               **CIVIL NO. 3:12-cv-00878-REP**

**EQUIFAX INFORMATION SERVICES, LLC.,
EXPERIAN INFORMATION SOLUTIONS, INC.
and
VERICREST FINANCIAL, INC.,**

    **SERVE:**    CT Corporation System, Registered Agent
                    4701 Cox Road, Suite 301
                    Glen Allen, VA  23060-6802

        **Defendants.**

## AMENDED COMPLAINT

COMES NOW the Plaintiff, **KIMBERLY M. SEEDS,** by counsel, and for her Amended Complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act of "FCRA").

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

### PARTIES

4. The Plaintiff, **KIMBERLY M. SEEDS**, ("Ms. Seeds")  is a natural person and a consumer as defined by 15 U.S.C. §1681a(c).

5. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.**

("*Equifax*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

9. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, **VERICREST FINANCIAL, INC.,** ("*Vericrest*"), is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Glen Allen, Virginia as a credit lender and a "furnisher" as governed by the FCRA.

## FACTS

12. In September 2011, Ms. Seeds obtained a copy of her consumer credit reports with *Equifax, Experian* and *Trans Union* and learned that each were reporting a delinquent account with

*Vericrest*.

13. The *Vericrest* Reporting was inaccurate.

14. Ms. Seeds made an online dispute with Experian on or about October 15, 2011.

15. Upon information and belief, *Experian* forwarded the dispute to *Vericrest*, which verified the account as accurate but *Experian* continued to report the account derogatorily as paid in a settlement with $400 written off, account settled for less than full balance.

16. On or about March 6, 2012, Ms. Seeds forwarded a written dispute letter to *Equifax, Experian* and *Trans Union* and explained that the *Vericrest* account was reporting inaccurately. In her letter, Ms. Seeds explained that this loan had been paid in full in addition to late fees that had occurred and that any remaining late fees were to be waived by *Vericrest*.

17. On or about March 12, 2012, *Equifax* sent correspondence to Ms. Seeds detailing the results of its investigation. In this letter *Equifax* stated that the creditor was currently reporting a zero balance for this account. However, the account was still derogatorily reporting a status of charge-off, paid for less than full balance – and as "paid" charge off.

18. On or about March 16, 2012, *Experian* sent correspondence to Ms. Seeds detailing the results of its investigation. In this letter *Experian* stated that the disputed account with *Vericrest* had been "verified" by the creditor and would remain on her credit report. The account was reporting derogatorily with a status of Paid in Settlement, $400 written off. Account legally paid for less than full balance.

19. Ms. Seeds forwarded multiple written disputes to *Vericrest*, regarding its inaccurate credit reporting of her account**.**

20. Defendants had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate account.

21. Upon information and belief, *Equifax* and *Experian* prepared and published to third parties multiple inaccurate consumer reports about Ms. Seeds that contained the inaccurate derogatory *Vericrest* account.

22. *Equifax* and *Experian* each received Ms. Seeds' dispute, but failed to conduct the reinvestigations required by law. Instead, *Equifax* and *Experian* merely "parroted" the information dictated to it by *Vericrest*.

23. Upon information and belief, Ms. Seeds alleges that on one or more occasions *Equifax* and *Experian* forwarded her disputes to *Vericrest.* Upon information and belief, *Vericrest*, was provided notice of Ms. Seeds' disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EQUIFAX and EXPERIAN)

24. Ms. Seeds realleges and incorporates all other factual allegations set forth in the Complaint.

25. *Equifax* and *Experian* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Seeds' credit reports and credit files it published and maintained.

26. As a result *Equifax* and *Experian's* violations of 16 U.S.C. §1681e(b), Ms. Seeds suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

27. The violations by *Equifax* and *Experian* were willful rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax* and *Experian* were negligent, which entitles Ms. Seeds

to recovery under 15 U.S.C. §1681o.

28. Ms. Seeds is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (EQUIFAX and EXPERIAN)

29. Ms. Seeds realleges and incorporates all other factual allegations set forth in the Complaint.

30. *Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Ms. Seeds' credit file.

31. As a result of *Equifax* and *Experian's* violations of 15 U.S.C. §1681i(a)(1), Ms. Seeds suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

32. The violations by *Equifax* and *Experian* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax* and *Experian* were negligent which entitles Ms. Seeds to recovery under 15 U.S.C. §1681o.

33. Ms. Seeds is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681i(a)(2)(A)**
**(EQUIFAX and EXPERIAN)**

34. Ms. Seeds realleges and incorporates all other factual allegations set forth in the Complaint.

35. *Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide *Vericrest* with all the relevant information regarding Ms. Seeds' disputes.

36. As a result of *Equifax* and *Experian's* violations of 15 U.S.C. §1681i(a)(2), Ms. Seeds suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

37. The violations by *Equifax* and *Experian'*s were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax* and *Experian* were negligent which entitles Ms. Seeds to recovery under 15 U.S.C. §1681o.

38. Ms. Seeds is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681i(a)(4)**
**(EQUIFAX and EXPERIAN)**

39. Ms. Seeds realleges and incorporates all other factual allegations set forth in the Complaint.

40. *Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Ms. Seeds.

41. As a result of *Equifax* and *Experian's* violations of 15 U.S.C. §1681i(a)(4), Ms. Seeds suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

42. The violations by *Equifax* and *Experian* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax* and *Experian* were negligent entitling Ms. Seeds to recovery under 15 U.S.C. §1681o.

43. Ms. Seeds is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. §1681i(a)(5)(A)
(EQUIFAX and EXPERIAN)**

44. Seeds realleges and incorporates all other factual allegations set forth in the Complaint.

45. *Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Ms. Seeds' credit file or modify the item of information upon a lawful reinvestigation.

46. As a result of *Equifax* and *Experian's* violations of 15 U.S.C. §1681i)a)(5)(A), Ms. Seeds suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

47. The violations of *Equifax* and *Experian* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax* and *Experian* were negligent entitling Ms. Seeds to

recover under 15 U.S.C. §1681o.

48. Ms. Seeds is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(A)
### (*Vericrest*)

49. Ms. Seeds realleges and incorporates all other factual allegations set forth in the Complaint.

50. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Vericrest* violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate Ms. Seeds' disputes.

51. When Plaintiff mailed her disputes to the consumer reporting agencies, they use a dispute system named "e-Oscar", which has been adopted by the credit reporting agencies and their furnisher customers such as *Vericrest*. It is an automated system and the procedures used by the CRA's are systemic and uniform.

52. When *Equifax* and *Experian* receives a consumer dispute, it (usually via an Indian outsource vendor), translates that dispute into an "ACDV" form.

53. The ACDV form is the method by which *Vericrest* has elected to receive consumer disputes pursuant to 15 U.S.C. §1681i(1).

54. It is extremely rare – certainly less than 1% of the time – that *Vericrest* will receive a consumer's dispute sent through the CRA's other than through the e-Oscar system.

55. On information and belief, the Plaintiff alleges that to date *Vericrest* has never complained to the CRAs about the amount of information they receive regarding a consumer dispute

8

through the e-Oscar system or through ACDVs.

56. When *Vericrest* receives a consumer dispute ACDV form, they are aware that they may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

57. Based on the manner in which *Equifax* and *Experian* responded to the Plaintiff's disputes, representing that *Vericrest* had "verified" the supposed accuracy of its reporting, Plaintiff alleges that *Equifax* and *Experian* did in fact forward the Plaintiff's dispute via an ACDV to *Vericrest*.

58. *Vericrest* understood the nature of the Plaintiff's dispute when it received the ACDV from *Equifax* and *Experian*.

59. When *Vericrest* received the ACDV from *Equifax* and *Experian*, it could have reviewed its own system and previous communications with the Plaintiff and discovered additional substance of the Plaintiff's dispute.

60. Notwithstanding the above, *Vericrest* followed a standard and systemically unlawful process when they received the ACDV dispute. Basically, all *Vericrest* does is review their own internal computer screen for the account and repeat back to the ACDV system the same information *Vericrest* had already inaccurately reported to the CRAs.

61. When *Vericrest* receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in their computer system is itself accurate.

62. As a result of *Vericrest's* violations of 15 U.S.C. §1681s-2(b)(1)(A), Ms. Seeds suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

63. The violations by *Vericrest* were willful, rendering it liable for punitive damages in

an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64. The law in this District, the Fourth Circuit and even nationally has long ago been set to require a detailed and searching investigation by a creditor when it receives a consumer's FCRA dispute through a CRA.

65. *Vericrest* was aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Ms. Seeds' dispute.

66. *Vericrest* has been sued numerous times for its alleged failures to conduct lawful FCRA investigations.

67. On information and belief, Ms. Seeds alleges that the procedures followed regarding her FCRA disputes through e-Oscar were the procedures that *Vericrest* intended their employees or agents to follow.

68. On information and belief, the Plaintiff alleges that *Vericrest's* employees or agents did not make a mistake (in the way in which he or she followed *Vericrest's* procedures) when he or she received, processed and responded to the *Equifax* and *Experian* ACDVs.

69. On information and belief, the Plaintiff alleges that *Vericrest* has not materially changed its FCRA investigation procedures after learning of their failures in this case.

70. In the alternative, *Vericrest* was negligent, which entitles Ms. Seeds to recovery under 15 U.S.C. §1681o.

71. Ms. Seeds is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Vericrest* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b)(1)(B)**
**(*Vericrest*)**

72. Ms. Seeds realleges and incorporates all other factual allegations set forth in the Complaint (Particularly though not limited to as pled in the "Fact" section of the Complaint and the previous Count).

73. On one or more occasions within the past two years, by example only and without limitation, *Vericrest* violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

74. As Ms. Seeds detailed in Count Six, *Vericrest* has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

75. *Vericrest* is aware of the meaning of the several dispute codes used by the CRAs in e-Oscar

76. *Vericrest* does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

77. As a result of *Vericrest's* violations of 15 U.S.C. §1681s-2(b)(1)(B), Ms. Seeds suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

78. The violations by *Vericrest* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Vericrest* was negligent, which entitles Ms. Seeds to recovery under 15 U.S.C. §1681o.

79. Ms. Seeds is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Vericrest* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b) (1)(C) and (D)**
**(*Vericrest*)**

80. Ms. Seeds realleges and incorporates all other factual allegations set forth in the Complaint. (Particularly though not limited to as pled in the "Fact" section of the Complaint and the previous two Counts).

81. On one or more occasions within the past two years, by example only and without limitation, *Vericrest* violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the *Vericrest* representations within Ms. Seeds' credit files with the CRAs without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

82. Specifically, *Vericrest* failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to *Equifax* and *Experian*.

83. On information and belief, the Plaintiff alleges that *Vericrest* rarely if ever adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

84. The Plaintiff's dispute was, at a minimum, bone fide.

85. As a result of *Vericrest's* violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Ms. Seeds suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

86. The violations by *Vericrest* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

87. *Vericrest* were aware of the *Saunders v. B.B. & T* FCRA decision by the Fourth Circuit when they followed the ACDV procedures used regarding Ms. Seeds' dispute.

88. *Vericrest* has been sued multiple times for its alleged failures to note their accounts as disputed when responding to a FCRA disputes.

89. On information and belief, Ms. Seeds alleges that the procedures followed regarding

the her FCRA disputes through e-Oscar were the procedures that *Vericrest* intended their employees or agents to follow.

90. On information and belief, the Ms. Seeds alleges that *Vericrest's* employees or agents did not make a mistake (in the way in which he or she followed *Vericrest's* procedures) when he or she received, processed and responded to the *Equifax* and *Experian's* ACDVs and did not include the XB code in the CCC field.

91. On information and belief, Ms. Seeds alleges that *Vericrest* has not materially changed their FCRA investigation procedures regarding the CCC field in ACDVs after learning of their failures in this case.

92. In the alternative, *Vericrest* was negligent, which entitles Ms. Seeds to recovery under 15 U.S.C. §1681o.

93. Ms. Seeds is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Vericrest* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

                                    **KIMBERLY M. SEEDS,**
                                    _____/s/_____
                                    LEONARD A. BENNETT, VSB #37523
                                    CONSUMER LITIGATION ASSOCIATES, P.C.
                                    Attorney for Plaintiff
                                    763 J. Clyde Morris Boulevard, Suite 1-A
                                    Newport News, Virginia 23601
                                    (757) 930-3660 - Telephone
                                    (757) 930-3662 – Facsimile
                                    E-mail:  lenbennett@clalegal.com

        SUSAN M. ROTKIS, VSB #40693
        CONSUMER LITIGATION ASSOCIATES, P.C.
        763 J. Clyde Morris Boulevard, Suite 1-A
        Newport News, Virginia 23601
        (757) 930-3660 – Telephone
        (757) 930-3662 – Facsimile
        E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

        I hereby certify that on this 12th day of March, 2013, I will file the foregoing Amended Complaint electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
Email: jmontgomery@jwm-law.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: david.anthony@troutmansanders.com

Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: tim.stgeorge@troutmansanders.com

        /s/
LEONARD A. BENNETT, VSB#37523
CONSUMER LITIGATION ASSOCIATES, P.C.
Attorney for Plaintiff
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com