**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**KIMBERLY M. SEEDS,**

        **Plaintiff**

v.                                 **CIVIL NO. 3:12-cv-00878-REP**

**EQUIFAX INFORMATION SERVICES, LLC.,**
**EXPERIAN INFORMATION SOLUTIONS, INC,**
**TRANS UNION, LLC. and VERICREST FINANCIAL,**
**INC.**

        **Defendants.**

**PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES**

COMES NOW the Plaintiff, **KIMBERLY M. SEEDS**, by counsel, and makes the following disclosures:

**I.  Individuals likely to have discoverable information**

    a.    Plaintiff, Kimberly M. Seeds.

        *All facts.*

    b.    Employees of Equifax Information Services, LLC.

        *All facts regarding the subject matter of the Complaint.*

    c.    Employees of Equifax Information Solutions, Inc.

        *All facts regarding the subject matter of the Complaint*

    d.    Employees of Vericrest Financial, Inc.

        *All facts regarding the subject matter of the Complaint*

    e.    Tessa Bachus, Loan Specialist
           Vericrest Financial, Inc.
           13801 Wireless Way

1

Oklahoma City, OK 73134

*All facts regarding the Vericrest account and communications to and from the Plaintiff regarding this account.*

f.      Patricia Saenz, Vice President
Customer Service
Vericrest Financial, Inc.
13801 Wireless Way
Oklahoma City, OK 73134

*All facts regarding Plaintiff's Vericrest account and any and all communications concerning this account*

g.      Debra Williamson, Assistant Vice President
Customer Service
Vericrest Financial, Inc.
13801 Wireless Way
Oklahoma City, OK 73134

*All facts regarding Plaintiff's Vericrest account and any and all communications concerning this account*

h.      Employees of Trans Union, LLC.

*All facts regarding the credit reporting information received from Vericrest Financial regarding the account that is the subject of this litigation.*

i.      GE Capital Retail Bank
P.O. Box 965004
Orlando, FL  32896-5004

*All facts regarding the credit line increase request for Plaintiff's PayPal Smart Connect Account, the credit score/report received and reviewed in connection with the credit increase request and the reasons for the denial on or about December 15, 2011.*

j.      Capital One Bank
P.O. Box 30285
Salt Lake City, UT 84130-0285

> *All facts regarding the credit limit increase request for Plaintiff's Capital One credit card, the credit score/report received and reviewed in connection with the credit increase request and the reasons for the denial on or about May 27, 2012.*

k.      American Express
P.O. Box 31525
Salt Lake City, UT 84131

> *All facts regarding the application for credit by the Plaintiff on or  about September 19, 2012, the Experian credit score and credit report received and reviewed in connection with Plaintiff's credit application and the reasons for the denial of credit on or about September 20, 2012.*

l.      Chase Bank, USA, N.A.
P.O. Box 15077
Wilmington, DE 19886-5077

> *All facts regarding the application for credit by the Plaintiff on or  about September 20, 2012 for a Chase Slate Visa Platinum credit card, the Equifax credit score and credit report received and reviewed in connection with Plaintiff's credit application and the reasons for the denial of credit on or about September 20, 2012.*

m.      Discover
P.O. box 15410
Wilmington, DE 19850-5410

> *All facts regarding the application for credit by the Plaintiff on or  about September 20, 2012 for a Discover Business Card, the Equifax credit score and credit report received and reviewed in connection with Plaintiff's credit application and the reasons for the denial of credit on or about September 20, 2012.*

n.      PNC Bank, National Association
P.O. Box 657
Columbus, OH 43251

> *All facts regarding the application for credit by the Plaintiff on or  about September 19, 2012, the Experian credit score and credit report received and reviewed in connection with Plaintiff's credit application and the reasons for the denial of credit on or about September 25, 2012.*

o.          Citibank, N.A.
P.O. Box 6495
Sioux Falls, SD 57117-6495

*All facts regarding the application for credit by the Plaintiff on or about May 27, 2012 and June 1, 2012 for Citibank Accounts, the Experian credit scores and credit reports received and reviewed in connection with Plaintiff's credit application and the reasons for the denial of credit on or about June 2, 2012.*

p.          Evan D. Hendricks
P.O. Box 302
Cabin John, MD 20818

*Expert Witness*

q.          Unknown persons as may be revealed in discovery.

r.          All witnesses identified by the Defendants.

## II.  Description of documents in possession of the Plaintiff.

Other than those documents obtained from the Defendant in discovery, the Plaintiff has the following documents in her possession and control:

Plaintiff's Bate Stamp Nos.  000001 – 000298– *Plaintiff's counsel will forward Plaintiff's Bate Stamped Exhibits under separate cover.*

| Document Type | Bate Stamp # |
|---|---|
| Original Loan with Capital One Healthcare Finance | 000001 – 000007 |
| Correspondence with Vericrest Financial, Inc. | 000008 – 000031 |
| Plaintiff's Payment History | 000032 – 000039 |
| Equifax Consumer Disclosures, Disputes and Investigation Results | 000040 – 000061 |
| Experian Consumer Disclosures, Disputes and Investigation Results | 000062 – 000114 |
| Trans Union Consumer Disclosures, Disputes, Investigation Results | 000115 - 000128 |
| USAA Credit Check Monitoring Premium from Experian – Tri-Merge Credit Reports | 000129 – 000282 |
| Plaintiff's Credit Denials | 000283 – 000298 |

## III. Computation of Damages

### Itemization Of Damages

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter.  These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of

damages.  *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.,* 177 F.R.D. 376, 386 (E.D.Tex.1997).   Such damages will be determined by the jury in this matter.

### Categories and types of Actual Damages

     i.      Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.

     ii.     Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.

     iii.    Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of  the false information.

     iv.    Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.

     v.     Plaintiff has suffered general damages in the form of damage to reputation.

     vi.    Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

     vii.   Plaintiff may have suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in her credit reports.

     viii.  The damage to Plaintiff's credit score may also have impacted the interest rates she has on current loans, credit she has requested during this ordeal, if applicable or caused decreased credit limits on existing accounts.

     ix.    Plaintiff's economic damage also includes the considerable time, effort and expense she has been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.

     x.     Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture her good name and credit, as well as the fact that the Defendants continues to persist in painting Plaintiff in a false light both personally and financially.

     xi.    Plaintiff may have also suffered embarrassment from having to explain herself to potential creditors as well.  Plaintiff suffers anxiety when considering seeking additional credit because she believes, justifiably, that she will be forced to once again subject herself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about her.

## Case Law Supporting Actual Damages

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA*,  (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of

consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

c.   **Specific examples of credit denials/ adverse actions**

The Plaintiff has experienced specific and known damage to her credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate information contained in her credit file.

Plaintiff was denied a credit line increase by GE Capital Retail Bank for her Paypal Smart Connect account on or about December 15, 2011as a result of her credit report/score that included a present or past delinquency.  Upon information and belief the credit report/score that was utilized by GE Capital Retail Bank and ultimately resulted in this denial contained the derogatory Vericrest account at issue in this case.

Plaintiff was denied a credit line increase by Capital One on her credit card on or about May 27, 2012 as a result of her credit report/score that included a present or past delinquency.  Upon information and belief the credit report/score that was utilized by Capital One and ultimately resulted in this denial contained the derogatory Vericrest account at issue in this case.

Plaintiff was denied by American Express for a American Express Blue for Business Card on or about September 20, 2012 as a result of her Experian credit report/score and her FICO score.  Upon information and belief the credit report/score that was utilized by American Express that ultimately resulted in the denial contained the derogatory Vericrest account at issue in this case

Plaintiff was denied by Chase Bank USA, N.A. for a Chase Slate Visa Platinum credit card on or about September 20, 2012 as a result of her Equifax credit report/score.

Upon information and belief the credit report/score that was utilized by Chase Bank USA, N.A. that ultimately resulted in this denial contained the derogatory Vericrest account at issue in this case

Plaintiff was denied by Discover for a Discover Business Card on or about September 20, 2012 as a result of her Equifax credit report/score. Upon information and belief the credit report/score that was utilized by Discover that ultimately resulted in this denial contained the derogatory Vericrest account at issue in this case

Plaintiff was denied by PNC Bank for a Business Credit Card on or about September 25, 2012 as a result of her Experian credit report/score. Upon information and belief the credit report/score that was utilized by PNC Bank that ultimately resulted in this denial contained the derogatory Vericrest account at issue in this case

Plaintiff was denied by Citibank, N.A. for a Citi Platinum Select MasterCard account on or about June 2, 2012 as a result of her Experian credit report/score. Upon information and belief the credit report/score that was utilized by Citibank that ultimately resulted in this denial contained the derogatory Vericrest account at issue in this case

Plaintiff has been unable to start a new business as she had planned because of the inability to obtain credit because of the derogatory Vericrest account.

It is the Plaintiff's understanding, as summarized through her counsel, that each of the credit reports utilized contained the inaccurate information at issue in this case.

d.  **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of her expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

e.  **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

> *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);
>
> *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);
>
> *Brimm v. Midland Credit Management, Inc.*, No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for

emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A.* 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*:  Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

Plaintiff reserves the right to further supplement these disclosures.

**KIMBERLY M. SEEDS**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com

Susan M. Rotkis, Esq.
VSB #40693
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail:  srotkis@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2013,  I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
Email: **jmontgomery@jwm-law.com**

David Neal Anthony
Timothy James St. George
Troutman Sanders, LLP
Troutman Sanders Bldg
1001 Haxall Point
P.O. Box 1122
Richmond, VA  23219
E-mail:  **david.anthony@troutmansanders.com**
Email: **tim.stgeorge@troutmansanders.com**

Lesley Whitcomb Fierst
Womble Carlyle Sandridge & Rice PLLC (VA)
8065 Leesburg Pike
Fourth Floor
Vienna, VA 22182-2738
Email: **lfierst@wcsr.com**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  **lenbennett@clalegal.com**